IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| TIFFANY HAMMOND,<br><br>    Plaintiff,<br><br>v.<br><br>FACTORY DIRECT WHOLESALE, LLC, AND EXPRESS SERVICES, INC.<br><br>    Defendant. | Civil Action No.  2:23-CV-91-RWS-JCF<br><br>JURY TRIAL DEMANDED |

COMES NOW, Tiffany Hammond ("Plaintiff"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages and reasonable attorneys fees against Defendants Factory Direct Wholesale, LLC ("Factory Direct") and Express Services, Inc. ("Express Services") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action. Plaintiff filed her Charge of Discrimination against Factory Direct on or about February 17, 2023.

5.

Plaintiff filed her Charge of Discrimination against Express Services on or about February 17, 2023.

6.

The Equal Employment Opportunity Commission ("EEOC") issued Plaintiff's Notice of Right to Sue in regards to Factory Direct on March 17, 2023.

7.

The EEOC issued Plaintiff's Notice of Right to Sue in regards to Express Services on March 23, 2023.

8.

Plaintiff timely files this action within ninety days of receipt of both Notices of Right to Sue from the EEOC.

**PARTIES**

9.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

10.

At all times relevant, Defendants were qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within this District.

11.

During all times relevant hereto, Defendants have employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendants are therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

12.

All conditions precedent have been performed, satisfied, or waived.

13.

Defendant Factory Direct may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Defu USA, LLC, at 503 Morgan Lakes Industrial Blvd. #200, Pooler, GA, 31322.

14.

Defendant Express Services may be served with process by delivering a copy of the summons and complaint to its Registered Agent, C T Corporation System, 289 S Culver St., Lawrenceville, GA, 30046-4805.

**FACTUAL ALLEGATIONS**

15.

Express Services is a staffing Company.

16.

4

Plaintiff was placed by Express Services at Factory Direct as a Customer Services Representative on or about October 14, 2022.

17.

Both Defendants "employed" Plaintiff by virtue of the circumstances of the working relationship between the parties.

18.

Plaintiff was pregnant when she was hired.

19.

Factory Direct did not know Plaintiff was pregnant before she was hired.

20.

On or about November 21, 2022, Plaintiff went into labor.

21.

Plaintiff informed both Defendants that she would be back to work on Monday, November 28, 2022.

22.

On or about Sunday, November 27, 2022, Chastity Waters, Plaintiff's supervisor at Factory Direct terminated her employment with Factory Direct.

23.

On or about Monday, November 28, 2022, Mandy Eberhart, a Human Resources employee for Express Services, terminated Plaintiff from Express Services.

24.

On Plaintiff's Separation Notice, Express Services listed "Associate could not continue assignment at time due to medical reasons" as the reason for separation.

25.

Defendant Factory Direct had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including her job duties, supervision, and termination.

26.

Defendant Express Services had control over the terms and conditions of the employment for which Plaintiff was hired, including supervision and other human resources functions, rate of compensation, and compensating her.

27.

Defendants jointly employed Plaintiff and are therefore jointly liable for violating Title VII by the conduct described herein.

28.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse actions, this reason is a pre-text.

29.

Defendants terminated Plaintiff because of sex (pregnancy).

30.

Others outside of the Plaintiff's protected class, i.e. employees who were not pregnant or female employees who had not had a child while working, were treated differently.

31.

As a result of Defendants' unlawful action, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF
## COUNT I: DISCRIMINATION UNDER TILTE VII OF THE CIVIL RIGHTS ACT AGAINST BOTH DEFENDANTS

32.

Plaintiff re-alleges paragraphs 15 - 31 as if set forth fully herein.

33.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical condition."

34.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

35.

Defendants willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

36.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

37.

8

As a direct and proximate result of Defendants' actions and omissoins, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation, and other indignities.

38.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

39.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Special damages for lost wages and prejudgment interest thereon;

(c) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted, this 17th day of May, 2023.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*

V. Severin Roberts
Georgia Bar No. 940504
Counsel for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
severin@justiceatwork.com